JOAQUÍN GALLART MENDÍA ET AL., Plaintiffs and Appellants, *v.* PUERTO RICO TELEPHONE COMPANY, Defendant and Appellee.

No. R-68-144.      Decided October 5, 1971.

*Martín Almódovar Acevedo* and *Justino Ferrer* for appellants. *Pieras & Torruella* for appellee.

PER CURIAM: In this appeal the appellant, plaintiff in the original action, challenges the amount of the damages fixed by the trial court as a result of the injuries he suffered in an accident in which he was involved while driving a motorcycle while in service as State Policeman, because he considers it inadequate and that it is not commensurate with the damages sustained, as it appears from the conclusions of the court it-

self. He also assigns, that said court incurred error in granting him only $1,000 for attorney's fees.

At the time of the accident, appellant was forty-nine years old and had twenty-one years in service as State Policeman, nineteen of which had been served as motorcyclist. He earned a monthly salary of $250. The accident occurred one night when the front wheel of the motorcycle got tangled with a guy cable of appellee's telephone lines which was stretched out over the road between Naguabo and Humacao, causing the driver to lose control and crash against the pavement. The following finding of fact of the trial court gathers, although broadly, the evidence presented on the nature, extent and disability resulting from the serious injuries suffered by appellant as a result of the accident:

"4. As a consequence of the described accident, policeman Mendoza lost consciousness and had to be interned first in the Clínica Oriente of Humacao, sustaining the following physical injuries: fracture in the dorsal vertebra No. 12, and in the lumbar vertebrae Nos. 3 and 4, and tightening between the second and third lumbar vertebra. The surface of these vertebrae curved in as a result of penetrating or undermining. Plaintiff maintained some rigidity of the dorsal and lumbar column. A spasm or hardness of the muscles persisted also in plaintiff, and several months after the accident the lumbar lordosis showed some flattening of the vertebrae which caused a kyphosis. From the Clínica Oriente plaintiff was transferred to the State Insurance Fund Hospital, where he remained for nearly one and a half months. Then, in an ambulatory manner, he was submitted to different physiotherapy treatments. Weighing as a whole the medical evidence offered by both parties the Court concludes that policeman Mendoza suffered a disability of a 40% to a 50% of the general body functions."

The trial court fixed in $15,000 the indemnity for the physical damages, and mental anguish, including the disability suffered by appellant. From that amount it deducted $6,412.75 which represented the disbursements of the Manager of the State Insurance Fund, who claimed them in

this action in subrogation, in the hospitalization, treatment, diet, compensation, and other expenses incurred for the benefit of the appellant, the latter being a laborer insured with the State Insurance Fund.

In *Ramos Rivera* v. *Commonwealth*, 90 P.R.R. 806, 808 (1964), we said that ". . . the safest test for increasing the compensation is the permanence of the injury suffered. . . ." The trial court considered appellant's disability a factor, among others, to fix the amount. Considering the circumstances of the instant case, in our opinion, an increase of the indemnity is justified. Plaintiff was removed from the service on account of physical disability; he depends now on a modest pension which the Government gives him every month and on the little income he might get as public carrier, with the limitations of his physical disability, on the route from Humacao to Fajardo; and there is the probability that his functional disability resulting from the injuries suffered may increase.

Taking these factors into consideration, the $15,000 fixed by the court as indemnity does not fairly and reasonably compensate the serious injuries received and the serious functional disability suffered by appellant. The compensation will be increased to $25,000, attorney's fees to $2,000, and thus modified the judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martín did not participate in the decision of this case.